1

2

3

4

5

6

7                          UNITED STATES DISTRICT COURT

8                         SOUTHERN DISTRICT OF CALIFORNIA

9

10    **DAVID ROBERT BELL**                    Case No. 14-cv-1397-BEN-PCL

11                              Plaintiff,      **ORDER GRANTING DEFENDANT**
                                                **CALIFORNIA DEPARTMENT OF**
12          **v.**                              **CORRECTIONS AND**
                                                **REHABILITATION'S MOTION TO**
13    **CALIFORNIA DEPARTMENT OF**              **DISMISS**
      **CORRECTIONS & REHABILITATION;**
14    **in entity defendant; DR. M. GLYNN, in** **(Doc. 29)**
      **his capacity as Chief Medical Officer**
15    **(CMO); DR. KYLE SEELEY, in his**
      **capacity as Doctor and Chief Medical**
16    **Executive (CME); DR. ROBERT**
      **WALKER, in his capacity as Doctor and**
17    **Chief Surgeon; DR. K. THOMPSON, in**
      **his capacity as Primary Care Physician;**
18    **NURSE PAMELA VELARDI, in her**
      **capacity as a Nurse Practitioner; NURSE**
19    **BERSAMIN, in her capacity as a**
      **Registered Nurse; JOHN DOES 1-**
20    **through-10, in their respective capacities**
      **as medical staff and personnel, Inclusive,**
21
                                Defendants.
22

23

24                                **I. INTRODUCTION**

25          David Robert Bell ("Plaintiff") is a state prisoner incarcerated in Corcoran, California,

26    proceeding *pro se* and *in forma pauperis*. (See Docs. 1, 10.) Plaintiff's complaint alleges

27    violations of the Civil Rights Act, 42 U.S.C. §§ 1983, et seq., and he seeks monetary relief

28    jointly and severally against each defendant. (See Doc. 1.)

1    Presently before the Court is defendant California Department of Corrections and

2 Rehabilitation's (the "CDCR") motion to dismiss itself from the suit pursuant to Federal Rule of

3 Civil Procedure 12(b)(6). (Doc. 29.) The CDCR asserts immunity from suit in federal court

4 pursuant to the Eleventh Amendment. (Id.)

5    For the following reasons, the Court **GRANTS** defendant CDCR's Motion to Dismiss.

6                                    **II. BACKGROUND**[1]

7    Plaintiff was formerly incarcerated at the Richard J. Donovan Correctional Facility and

8 the RJDCF-Medical Facility-D. (Doc. 1 at 6.) While incarcerated, Plaintiff made numerous

9 complaints related to spinal and shoulder pain. (See Doc. 1, passim.)

10    Plaintiff's first request for medical care was dated May 4, 2012. (Id. at 6.) He was

11 examined by Nurses Bersamin and Velardi three days later, on May 7, 2012, and the nurses

12 made no diagnosis regarding his condition. (Id. at 6.) Similar requests were made on May 15,

13 July 2, and July 3, 2012. (Id.)

14    Eventually Plaintiff was seen by Dr. Martinez on July 17, 2012, and an MRI was

15 scheduled. (Id. at 12-13.) The MRI took place on August 4, 2012. (Id. at 12.) Following the

16 MRI, Plaintiff was transported to Tri-City Medical Center for care. (Id. at 13.) After a second

17 MRI at Tri-City Medical Center, Dr. Kevin Yoo (a Tri-City doctor) told Plaintiff that his,

18 "condition could have been treated with antibiotics for para-spinal abscess," and that Plaintiff

19 "had not been receiving 'proper medical treatment at the prison' and not in a 'timely manner'."

20 (Id.) Dr. Yoo concluded that "surgery was inevitable because plaintiff was 'too far along' and his

21 abscess was congruently attached to a 'nerve root'." (Id.)

22    Shortly after the surgery Plaintiff continued to complain that his lower back and legs were

23 in pain. (Id. at 14.) He contacted Dr. Yoo at Tri-City Medical Center, who examined Plaintiff via

24 "Telemedicine," and prescribed 30mg morphine, twice daily, and ordered another MRI with

25 higher contrast of the lumbosacral spine. (Id.) On the same day, Dr. Thompson, a doctor at

26 Avenal State Prison, examined Plaintiff and asserted that Dr. Yoo was merely a consultant, while

27 _____

28    1. For the purposes of this Motion to Dismiss, all allegations in the Complaint, Doc. 1, are
assumed to be true. Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002).

14-cv-1397-BEN-(PCL)

1  Dr. Thompson was the attending physician. (Id.) Dr. Thompson disagreed with Dr. Yoo's

2  prescription of morphine, but agreed to schedule another MRI. (Id.)

3      Plaintiff underwent a third MRI on December 22, 2012. (Id. at 15.) Following the MRI,

4  he underwent surgery to remove a "mass" from his lower lumbar spine, and had a titanium rod

5  implanted in his back. (Id. at 15-16.)

6                              **III. STANDARD FOR REVIEW**

7      Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed for

8  failure to state a cognizable legal theory or for failure to state sufficient facts under a cognizable

9  legal theory. Navarro v. Block, 250 F.3d 729, 732 (9th Cir.2001). When reviewing the

10  sufficiency of a complaint, the court must assume the truth of all factual allegations and construe

11  them in a light most favorable to the non-moving party. Thompson v. Davis, 295 F.3d 890, 895

12  (9th Cir.2002).

13                                  **IV. DISCUSSION**

14      Defendant CDCR, an agency of the state of California, seeks to be dismissed from the

15  Complaint pursuant to Rule 12(b)(6) on the basis that it is immune to this suit pursuant to the

16  Eleventh Amendment. (Doc. 29-1, at 2-3.)

17      In general, the Eleventh Amendment prohibits private individuals from bringing suits for

18  money damages against the state. U.S. Const. amend. XI. Seminole Tribe of Fla. v. Florida, 517

19  U.S. 44, 72-76 (1996); see also Taylor v. Westly, 402 F.3d 924, 929 (9th Cir.2005). A state *may*

20  waive immunity to such suits, but "In the absence of a waiver by the state or a valid

21  congressional override, under the Eleventh Amendment, agencies of the state are immune from

22  private damage actions or suits for injunctive relief brought in federal court." Dittman v.

23  California, 191 F.3d 1020, 1025–26 (9th Cir.1999); Pittman v. Oregon, Employment Dept., 509

24  F.3d 1065, 1071 (9th Cir. 2007). Federal courts recognize that States' Eleventh Amendment

25  immunity were not abrogated when it enacted 42 U.S.C. section 1983 or other provisions within

26  that act, see Quern v. Jordan, 440 U.S. 332, 341 (1979); indeed, "[the Eleventh Amendment]

27  jurisdictional bar applies regardless of the name of relief sought." Pennhurst State Sch. & Hosp.

28  v. Halderman, 465 U.S. 89, 100 (1984).

1    Regarding prisoner lawsuits against the CDCR, the Ninth Circuit has held that the CDCR

2    is an arm of the state and therefore immune from suit under the Eleventh Amendment. Brown v.

3    California Dept of Corr., 554 F.3d 747, 752 (9th Cir.2009) ("district court correctly held that the

4    California Department of Corrections and the California Board of Prison Terms were entitled to

5    Eleventh Amendment immunity.")

6    Here, Plaintiff's prayer for relief seeks compensatory damages in excess of $1,000,000

7    and punitive damages in excess of $350,000 from the defendants. (Doc. 1 at 35.) Because

8    Plaintiff is seeking only monetary damages he is precluded from bringing suit against state

9    agencies, such as the CDCR, without a waiver of immunity or Congressional abrogation thereof.

10   Dittman v. California, 191 F.3d 1020, 1025–26 (9th Cir.1999); Pittman v. Oregon, Employment

11   Dept., 509 F.3d 1065, 1071 (9th Cir. 2007). Plaintiff does not allege that such a waiver has been

12   tendered by the CDCR, nor does he allege that Congress has overridden the protection afforded

13   the State of California by the Eleventh Amendment. (See Doc. 1.)Further, the CDCR has

14   *asserted* rather than *waived* its Eleventh Amendment immunity. (See Doc. 29.)

15   Therefore, because the Plaintiff is seeking only monetary damages against a state agency,

16   his claims against the CDCR should be dismissed.

## V. CONCLUSION

18   For the reasons set forth above, defendant CDCR's Motion to Dismiss, Doc. 29, is

19   **GRANTED**.

20   **IT IS SO ORDERED.**

21

22   DATE: July 6, 2015

23   _____
        Peter C. Lewis

24      U.S. Magistrate Judge
        United States District Court

25

     cc: The Honorable Roger Benitez
26      All Parties and Counsel of Record

27

28

14-cv-1397-BEN-(PCL)

4