UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DAVID ROBERT BELL,**<br><br>Plaintiff,<br><br>v.<br><br>**CALIFORNIA DEPARTMENT OF CORRECTIONS & REHABILITATION, et al.,**<br><br>Defendants. | Case No. 14-cv-1397-BEN-PCL<br><br>**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE RE: DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [DOC. 68]** |

## I. INTRODUCTION

David Robert Bell ("Plaintiff") alleges six violations of the Civil Rights Act, 42 U.S.C. §§ 1983, et seq., related to his medical care while incarcerated, and he seeks monetary relief jointly and severally against each defendant. (Doc. 1.) At the times described in his Complaint, Plaintiff was an inmate at Richard J. Donovan State Correctional Facility. (Id.)

Presently before the Court is Defendants' Motion for Summary Judgment made pursuant to Federal Rule of Civil Procedure 56. (Doc. 68.) The Honorable Roger T. Benitez referred the matter to the undersigned Judge for Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 72.1(c)(1)(d). After a thorough review of the pleadings and supporting documents, this Court recommends the Defendants' Motion for Summary Judgement be **GRANTED IN PART AND DENIED IN PART**.

## II. PROCEDURAL BACKGROUND

Defendants move for summary judgment on grounds that: (1) Plaintiff's first, second, third, fourth, and sixth causes of action are time-barred; (2) Plaintiff's third cause of action has no evidentiary support; (3) Plaintiff's fifth cause of action is brought under the wrong U.S. Code section; (4) Plaintiff's sixth cause of action, breach of contract, is untenable because Plaintiff is not able to enter into contracts in California; and (5) Plaintiff's claims against Defendants Glynn, Walker, and Seeley are improper as a matter of law. (Doc. 68-1.)

Plaintiff filed his Opposition on December 11, 2015, and Defendants filed a Reply on January 14, 2016. (Docs. 77, 79.)

## III. FACTUAL BACKGROUND

Plaintiff alleges the following civil rights violations in his Complaint: (1) Defendants failed to provide Plaintiff adequate medical care (Doc. 1, at 23); (2) Defendants were ignorant of Plaintiff's medical diagnosis and failed to adequately attend to his care (Id. at 24); (3) Defendants were deliberately indifferent to Plaintiff's serious medical needs (Id. at 28); (4) Defendants denied Plaintiff proper medical care (Id. at 31); (5) Defendants' medical acts or inactions contributed to Plaintiff's future medical harms (Id. at 32); and (6) Defendants breached an implied contract to provide reasonably sufficient medical care. (Id. at 32.) In support of these claims, Plaintiff's Complaint and Opposition made uncontested factual allegations as follows. (See Docs. 1; 68-1.)

**A. Medical History**

While incarcerated, Plaintiff made numerous complaints related to spinal and shoulder pain. (See Doc. 1, *passim*.) This pain began in January 2012. (Doc. 78, at 2.) Plaintiff's first request for medical care was dated May 4, 2012. (Doc. 1, at 6.) He was examined by Nurses Bersamin and Velardi three days later, on May 7, 2012, and the nurses made no diagnosis regarding his condition. (Id. at 6.)

On May 14, 2012, Plaintiff injured his shoulder while working in the prison kitchen. (Id. at 7.) Requests for medical care related to this injury were made on several occasions between May and July 2012. (Id.) X-rays were eventually taken of Plaintiff's shoulder, and Defendant

Velardi diagnosed Plaintiff with bursitis. (Id. at 7-9.)

Plaintiff continued to experience back pain into late 2012. (Id. at 9-13.) He was transported to Tri-City Medical Center for diagnosis and treatment in August 2012. (Id. at 13.) Following an MRI, Plaintiff underwent surgery to remove a mass from his lower lumbar spine, and had a titanium rod implanted in his back. (Id. at 15-16.)

**B. Inmate Healthcare Appeals**

On July 2, 2012, Plaintiff submitted an inmate form 602 healthcare appeal. (Id. at 17.) Defendant Walker was assigned to the first level review of the appeal and partially granted Plaintiff's requested relief. (Id. at 18.) On January 30, 2013, Defendant Seeley was assigned to the second level of review and granted Plaintiff's appeal. (Id. at 18.) On March 8, 2013, Plaintiff was denied relief at the third level of review. (Id. at 19.)

Defendants Glynn, Walker, and Seeley's role in this suit were limited to review of Plaintiff's appeals, "authorizing some medical procedures, accommodations, and care for plaintiff." (Doc. 68-1, at 8; Exhibits 3 and 4: Responses to Interrogatories 1-3.)

**C. Plaintiff's Claim to the California Victim Compensation and Government Claims Board**

On March 11, 2013, Plaintiff submitted a claim to the California Victim Compensation and Government Claims Board. (Id.; Exhibits 5-6: Claim Form § 23.) Plaintiff's claim identified J. Hargraeves and all Defendants. (Id.; Exhibit 6: Claim Form § 14.) In his claim, Plaintiff alleged liability based on deliberate indifference, violations of Plaintiff's right to adequate medical care, and cruel and unusual punishment. (Id.; Exhibit 6: Claim Form, Attachment Pages 3-4.) On May 24, 2013, the Board rejected Plaintiff's claim via letter. (Id.; Exhibits 5, 7: Rejection of Letter from Board.)

## IV. STANDARD FOR REVIEW

**A. Summary Judgment**

Summary judgment is properly granted when "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56 (c). Entry of summary judgment is appropriate "against a party who fails to make a showing

sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The court shall consider all admissible affidavits and supplemental documents submitted on a motion for summary judgment. See Connick v. Teachers Ins. & Annuity Ass'n, 784 F.2d 1018, 1020 (9th Cir. 1986).

The moving party has the initial burden of demonstrating that summary judgment is proper. Adickes v. S.H. Kress & Co., 398 U.S. 144, 152, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). However, to avoid summary judgment, the nonmovant cannot rest solely on conclusory allegations. Berg v. Kincheloe, 794 F.2d 457, 459 (9th Cir. 1986). Rather, he must present "specific facts showing there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The Court may not weigh evidence or make credibility determinations on a motion for summary judgment. Quite the opposite, the inferences to be drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. Id. at 255, 106 S.Ct. 2505; United States v. Diebold, Inc., 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962). The nonmovant's evidence need only be such that a "fair minded jury could return a verdict for [him] on the evidence presented." Anderson, 477 U.S. at 255, 106 S.Ct. 2505. However, in determining whether the nonmovant has met his burden, the Court must consider the evidentiary burden imposed upon him by the applicable substantive law. Id.

A verified complaint or motion may be used as an opposing affidavit under Fed.R.Civ.P. 56 to the extent it is based on personal knowledge and sets forth specific facts admissible in evidence. McElyea v. Babbitt, 833 F.2d 196, 197–98 (9th Cir. 1987) (per curiam) (complaint); Johnson v. Meltzer, 134 F.3d 1393, 1399–1400 (9th Cir. 1998) (motion). To "verify" a complaint, the plaintiff must swear or affirm that the facts in the complaint are true "under the pains and penalties of perjury." Schroeder v. McDonald, 55 F.3d 454, 460 n. 10 (9th Cir. 1995).

**B. 42 U.S.C. § 1983 Claims**

Plaintiff has no cause of action directly under the United States Constitution. A litigant seeking damages based on a violation of a constitutional right, as Plaintiff does here, must rely

on 42 U.S.C. § 1983. Azul–Pacifico, Inc. v. City of Los Angeles, 973 F.2d 704, 705 (9th Cir. 1992); Graham v. Connor, 490 U.S. 386, 393–94, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989) (42 U.S.C. § 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred") (internal citations omitted). 42 U.S.C. § 1983 provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

To prevail on a 42 U.S.C. § 1983 claim, the claimant must prove conduct by a person acting under color of state law deprived the claimant of a federal constitutional or federal legal right. Gibson v. United States, 781 F.2d 1334, 1338 (9th Cir. 1986) (to state a cause of action under § 1983, a plaintiff must "plead that (1) the defendants acted under color of state law and (2) deprived plaintiff of rights secured by the Constitution or federal statutes"); West v. Atkins, 487 U.S. 42, 49, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988). Courts must liberally construe pro se litigants' complaints. Haines v. Kerner, 404 U.S. 519, 521, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

A person acts "under color of state law" for purposes of 42 U.S.C. § 1983 if he "exercise[s] power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" West, 487 U.S. at 49, 108 S.Ct. 2250 (citation omitted). "[G]enerally, a public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law." Johnson v. Knowles, 113 F.3d 1114, 1117 (9th Cir. 1997) (citation omitted). Plaintiff's allegations against Defendants appear to describe only conduct under color of state law.

## V. DISCUSSION

**A. Timeliness**

Defendants argue that several of Plaintiff's causes of action were not asserted within the applicable statue of limitations. (Doc. 68-1, at 10-13; see Doc. 1.) In his Opposition, Plaintiff argues that Defendants have miscalculated the date at which the statute of limitations began.

(Doc. 78, at 3-5.)

Because §1983 contains no specific statute of limitations, federal courts apply states' statutes of limitations and tolling rules for personal injury actions. See Wallace v. Kato, 549 U.S. 384, 387 (2007); Shaw v. Cty. of San Diego, No. 06-CV-2680-MMA POR, 2009 WL 1796532, at *3 (S.D. Cal. June 24, 2009) aff'd, 404 F. App'x 204 (9th Cir. 2010); see Hardin v. Straub, 490 U.S. 536, 539, 109 S.Ct. 1998, 104 L.Ed.2d 582 (1989). The applicable California statute of limitations requires a claimant to bring his action within two years from the date of accrual. See Comm. Concerning Cmty. Improvement v. City of Modesto, 583 F.3d 690, 701 n. 3 (9th Cir 2009); Krupnick v. Duke Energy Morro Bay, LLC, 115 Cal. App. 4th 1026, 1028; California Civil Procedure Code § 335.1. The same two-year statute of limitations applies to claims brought under §§ 1981, 1985, and 1986. See McDougal v. County of Imperial, 942 F.2d 668, 672-674 (9th Cir. 1991) (addressing statute of limitations in § 1981 and §1985 claims); see also Karim-Panahi v. L.A. Police Dep't, 839 F.2d 621, 626 (9th Cir. 1988) (addressing § 1986 claims).

But in borrowing a state statute of limitations for a federal cause of action, the Supreme Court has stated that "[federal courts] borrow no more than necessary." West v. Conrail, 481 U.S. 35, 39–40, 107 S.Ct. 1538, 95 L.Ed.2d 32 (1987). Consistent with this maxim, federal law, not state law, determines when a civil rights claim accrues. See Elliott v. City of Union City, 25 F.3d 800, 801–802 (9th Cir. 1994). Under federal law, "a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." TwoRivers v. Lewis, 174 F.3d 987, 991 (9th Cir. 1999) (analyzing, *inter alia*, statute of limitations claims in § 1983 claim based on deliberate indifference to serious medical needs in violation of Eighth Amendment, and finding that prisoner knew or had reason to know of deliberate indifference to his medical needs by state department of corrections employees after receiving the alleged improper medical care). However, this District has applied a "continuing violation" analysis to deliberate indifference claims. Evans v. Cty. of San Diego, No. 06 CV 0877 JM-(RBB), 2008 WL 842459, at *12 (S.D. Cal. Mar. 27, 2008) (citing Heard v. Sheahan, 253 F.3d 316, 318 (7th Cir. 2001) (finding that continuous violation doctrine applied to defendants' deliberate indifference for the span of time that prison officials were aware of plaintiff's injury and allegedly refused to treat it); see also

Lavellee v. Listi, 611 F.2d 1129, 1132 (5th Cir. 1980) ("[T]he [arrestee's] allegation of a failure to provide needed and requested medical attention constitutes a continuing tort, which does not accrue until the date medical attention is provided."); Neel v. Rehberg, 577 F.2d 262, 263-64 (5th Cir. 1978) (per curiam) (finding that where inmate alleged that jail officials failed to provide medical treatment over a three-month period, the continuous violation doctrine applied and the statute of limitations did not begin to run until the end of that period); Shomo v. City of New York, No. 03 Civ. 10213(AKH), 2005 U.S. Dist. LEXIS 5488, at *16, 2005 WL 756834 (S.D.N.Y. Apr. 4, 2005) (stating that in a case alleging medical neglect, the unlawful practice does not end until the last day that prison authorities had a duty to provide plaintiff with medical care).)

Plaintiff filed this complaint on June 6, 2014. (Doc. 1.) Therefore, the latest possible date of accrual by which Plaintiff's civil rights claims could be within the two-year statute of limitations in order to be timely, as filed, would be June 6, 2012. Comm. Concerning Cmty. Improvement, 583 F.3d 690. Defendants argue the statute of limitations accrual date should be January 4, 2012, as that is the earliest Plaintiff was subject to Defendants' "medical neglect" that forms the basis of this Complaint. (Doc. 68-1, at 10; see Doc. 1.) In contrast, Plaintiff argues the date of accrual should be August 5, 2012, the date on which he was informed that his condition could have been prevented by earlier treatment. (Doc. 78, at 3; see Doc. 1.)

Under the continuous violation doctrine, the statute of limitations accrues for §§ 1981, 1983, 1985, and 1986, beginning with the end of the period during which Plaintiff was allegedly deprived of medical treatment. Evans v. Cty. of San Diego, 2008 WL 842459 at *12. Here, Plaintiff alleges he was deprived of medical treatment from January 2012, when he began to experience pain, through August 2012, when he received treatment. (Doc. 1, at 6-13.) Therefore, the statute of limitations began to run in August 2012, and Plaintiff's medical deprivation claims brought under §§1983 et seq. are timely. Evans v. Cty. of San Diego, 2008 WL 842459 at *12.

Based on the above, the Court recommends **DENYING** Defendants' Motion for Summary Judgment as to Plaintiff's First, Second, Third, and Fourth causes of action on the basis of timeliness. If the District Judge finds otherwise, the Court recommends finding that

1 either statutory or equitable tolling applies, as discussed below.

2       As to Plaintiff's Sixth cause of action, breach of contract, Defendants first argue Plaintiff
3 failed to present his claim within one year from the date of accrual, pursuant to California
4 Government Code section 911.2(a). Cal. Gov't Code § 911.2(a) (West). (Doc. 68-1, at 12-13.)
5       Plaintiff presented his claim on March 11, 2013. (Doc. 68-1, at 8, Exhibits 5-6: Claim
6 Form § 23.) Therefore, even applying a one year statute of limitations to the August 2012 accrual
7 date (see above) this claim was timely presented.

8       Defendants next argue that Plaintiff's Complaint, filed on June 14, 2014, was not brought
9 within six months of his May 24, 2013 rejection letter, as required by California Government
10 Code §945.6(a)(1). See Cal. Gov't Code § 945.6(a). Defendants argue that Plaintiff cannot cure
11 this failure to submit a timely claim through a late claim application because any such
12 application must be submitted within one year after accrual of the cause of action, which in this
13 cause would be a deadline of August 2013. Cal. Gov't Code § 911.4(b); see Doc. 68-1, at 13.

14       Plaintiff argues he should be afforded two years of tolling, as an inmate sentenced to a
15 term less than life, pursuant to § 352.1 of the California Civil Procedure code. (Doc. 78, at 5-6.)
16 Defendants do not address statutory tolling in their moving papers.

17       The law of the forum state governs tolling. Wallace v. Kato, 549 U.S. 384, 394, 127 S.Ct.
18 1091, 166 L.Ed.2d 973 (2007) (citing Hardin v. Straub, 490 U.S. 536, 538–39, 109 S.Ct. 1998,
19 104 L.Ed.2d 582 (1989);); Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004) (noting that in
20 actions where the federal court borrows the state statute of limitation, the federal court also
21 borrows all applicable provisions for tolling the limitations period found in state law, except to
22 the extent any of these laws is inconsistent with federal law). Under California statutory law, the
23 statute of limitations is tolled "for a period of up to two years based on the disability of
24 imprisonment," where plaintiffs are "imprisoned on a criminal charge, or in execution under the
25 sentence of a criminal court for a term less than life." Cal. Civ. Proc. Code § 352.1. The
26 Southern District has applied Cal. Civ. Proc. Code § 352.1 in similar prisoner § 1983 cases. See,
27 e.g., Guerra v. Janda, No. 12-CV-2313-BEN WVG, 2014 WL 4385689, at *8 (S.D. Cal. July 22,
28 2014) motion for relief from judgment granted, No. 12-CV-2313-BEN JLB, 2014 WL 4441482

(S.D. Cal. Sept. 8, 2014); <u>Rubi v. O'Toole</u>, No. CIV. 11-1948 BEN BLM, 2012 WL 297075, at *5 (S.D. Cal. Jan. 31, 2012); <u>Burns v. Crook</u>, No. 07-CV-1984JLSWMC, 2008 WL 5103183, at *8 (S.D. Cal. Dec. 3, 2008). "Accordingly, the effective statute of limitations for most California prisoners is three years for claims accruing before January 1, 2003 (one year limitations period plus two years of statutory tolling), and four years for claims accruing thereafter (two year limitations period plus two years of statutory tolling)." <u>Guerra v. Janda</u>, 2014 WL 4385689 at *8, citing <u>Garcia v. Lunes</u>, No. CV 1–06–167, 2010 WL 1267128, at *2 (E.D.Cal. Mar. 30, 2010) (unpub.).

Applying two years of statutory tolling, pursuant to Cal. Civ. Proc. Code § 352.1, results in a final deadline of August 2016, which has not yet come to pass. Therefore, Plaintiff's Sixth cause of action was timely filed. Similarly, Plaintiffs first four causes of action, as discussed above, would be timely if afforded statutory tolling.

Based on the foregoing, the Court recommends **<u>DENYING</u>** Defendants' Motion for Summary Judgment as to Plaintiff's Sixth cause of action on the basis of timeliness.

**B. Evidentiary Support of Plaintiff's Third Cause of Action**

Defendants argue that Plaintiff's third cause of action, conspiracy to deprive Plaintiff of medical care brought under 42 U.S.C. § 1985, lacks evidentiary support. (Doc. 68-1, at 13.)

To recover under § 1985, a plaintiff must prove: (1) a conspiracy; (2) to deprive any person or a class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; (3) an act by one of the conspirators in furtherance of the conspiracy; and (4) a personal jury, property damage, or a deprivation of any right or privilege of a citizen of the United States. <u>Gillespie v. Civiletti</u>, 629 F.2d 637, 641 (9th Cir. 1980) (citing <u>Griffin v. Breckenridge</u>, 403 U.S. 88, 102-103 (1971)). Further, "A claim under [§ 1985] must allege facts to support the allegation that defendants conspired together. A mere allegation of conspiracy without factual specificity is insufficient." <u>Karim-Panahi</u>, 839 F.2d at 626. To be liable, each participant in the conspiracy must share the common objective of the conspiracy. <u>United States Steelworks of Am. v. Phelps Dodge Corp.</u>, 865 F.2d 1539, 1540-1541 (9th Cir. 1989) (en banc). Additionally, as to (2), "means that there must be some racial, or perhaps otherwise class-based,

invidiously discriminatory animus behind the conspirators' action." Griffin, 403 U.S. at 102.

Defendants argue "[Plaintiff] states no specific facts to support his [conspiracy] claim. Combined with Plaintiff's failure to even allege a class-based discriminatory animus in the Complaint, it is evident that summary judgement of Plaintiff's Third Cause of Action is appropriate." (Doc. 68-1, at 14.) Plaintiff does not offer factual support for this cause of action in his Opposition. (See Doc. 78.)

Reviewing the factual allegations in Plaintiff's Complaint related to this cause of action, Doc. 1 at 28-30, the Court agrees with Defendants that Plaintiff has failed to even allege facts which might satisfy the four elements required by Gillespie v. Civiletti, 629 F.2d 637. (See Doc. 1, at 28-30.) For example, Plaintiff places significant emphasis on the allegation that each Defendant believed Plaintiff to be "faking it," i.e., misrepresenting his physical well-being, id. at 28-30, but Plaintiff fails to demonstrate a common objective, what that objective might be, or any acts taken by Defendants to further that objective. Thus, although Defendants' actions may have cumulatively affected Plaintiff's health, he has failed to allege a conspiracy with factual specificity sufficient to survive a motion for summary judgment. Karim-Panahi, 839 F.2d at 626.

Based on the foregoing, the Court recommends **GRANTING** Defendants' Motion for Summary Judgment as to Plaintiff's Third Cause of Action.

**C. Plaintiff's Fifth Cause of Action**

Defendants argue Plaintiff's fifth cause of action, that Defendants' medical acts or inactions contributed to Plaintiff's future medical harms (Doc. 1, at 32), was brought under the wrong U.S. Code section. (Doc. 68-1, at 14-15.) Plaintiff does not contest this argument. (Doc. 78, at 7.) Accordingly, the Court recommends **GRANTING** Defendants' Motion for Summary Judgment as to Plaintiff's Fifth Cause of Action.

**D. Plaintiff's Sixth Cause of Action**

Defendants argue Plaintiff's sixth cause of action, breach of contract, is untenable because Plaintiff is not able to enter into healthcare contracts in California, as a prisoner, pursuant to California Civil Code § 1556 and California Penal Code § 2601. (Doc. 68-1, at 15.)

California Civil Code § 1556 states: "All persons are capable of contracting, except ...

persons deprived of civil rights." Cal. Civ. Code § 1556. California Penal Code § 2601 identifies the rights retained by an inmate sentenced to confinement in a state prison as: the right to inherit, own, sell, or convey property, to communicate confidentially with counsel and holders of public office, to purchase periodicals and books through the United States Postal Service, to initiate civil actions, to marry, to create a power of appointment or will, and to receive workers' compensation benefits. Cal. Pen. Code. § 2601.

Plaintiff argues the rights afforded to him within § 2601 are not exclusive, but offers no authority to suggest he has a right to enter into a healthcare contract with California Correctional Health Care Services, as a California state prisoner. (See Doc. 78.) Although Plaintiff has a constitutional right to a certain level of healthcare, as afforded to him by the Eighth Amendment, that right does not extend so far as to create a contractual relationship.

Based on the foregoing, the Court recommends **GRANTING** Defendant's Motion for Summary Judgement as to Plaintiff's Sixth Cause of Action.

### E. Claims Against Defendants Glynn, Walker, and Seeley

Lastly, Defendants Glynn, Walker, and Seeley argue they are entitled to summary judgment because their involvement was limited to general supervision of the facility and review of administrative records. (Docs. 68-1, at 15-16; 79, at 6.)

The Supreme Court has held that there is no vicarious liability for civil rights violations. Ashcroft v. Iqbal, 556 U.S. 662, 676-77 (2009). The Ninth Circuit has also found that the processing or reviewing of inmate appeals cannot create liability under §1983. Ramirez v. Glaza, 334 F.3d 850, 860 (9th Cir. 2003) (finding inmate's claim of due process violations based on review of inmate appeal invalid because "inmates lack a separate constitutional entitlement to a specific prison grievance procedure."); see also Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999) (dismissing §1983 claims against several prison officials whose only alleged misconduct was review and denial of the prisoner's grievances, and holding that "the denial of administrative grievances or the failure to act" cannot be the basis of liability under §1983).

Plaintiff's Complaint limits the roles of Defendants Glynn, Walker, and Seely to administrative review of his inmate appeals. See supra 3. As such, the actions of these

Defendants do not create liability under §1983. <u>Ashcroft</u>, 556 U.S. at 676-77; <u>Ramirez</u>, 334 F.3d at 860.

Based on the foregoing, the Court recommends **GRANTING** Defendant's Motion for Summary Judgement as to Defendants Glynn, Walker, and Seely.

**F. Plaintiff's Request for a Continuance**

Plaintiff requests a continuance to conduct discovery in order to respond to Defendant's arguments. (Doc. 78, at 7.) Specifically, Plaintiff suggests additional discovery would be helpful in responding to Defendant's insufficiency of evidence argument as to his third cause of action, <u>supra</u> 9, and as to Defendant's argument that Defendants Glynn, Walker, and Seely's lack of liability. (<u>Id.</u>) Defendants argue that Plaintiff's request for a continuance fails to meet the procedural requirements of Federal Rule of Civil Procedure 56(d), and that Plaintiff knew about these issues for seven months but failed to request discovery, i.e., that he was not diligent in pursuing discovery to support his claims. (Doc. 79, at 2, 6.)

Rule 56(d) gives the Court the ability to "allow time to obtain affidavits or declarations or to take discovery," "If a nonmovant shows by affidavit or declarations, for specified reasons, it cannot present facts essential to justify its position." Fed. R. Civ. P. 56(d), (d)(2). Rule 56(d) requires a party to "specifically identify relevant information, and where there is some basis for believing that the information sought actually exists." <u>Church of Scientology of San Francisco v. Internal Revenue Service</u>, 991 F.2d 560, 562 (9th Cir. 1993).

Here, Plaintiff has not met the requirements of Rule 56(d)(2). He has not included an affidavit or declaration outlining specific reasons for the unavailability of essential facts, nor has he identified what facts are unavailable or how whether further discovery might induce their production.

Based on the foregoing, the Court recommends **DENYING** Plaintiff's request for a continuance.

### VI. CONCLUSION

The Court submits this Report and Recommendation to United States District Judge Roger T. Benitez under 28 US.C. 636(b)(1)(B) and Local Civil Rule 72.1(c)(1)(d)

of the United States District Court for the Southern District of California.

For the reasons outlined above, it is hereby recommended the Court issue an Order: 1) approving and adopting this Report and Recommendation; and 2) directing that Defendant's Motion to Dismiss be **DENIED** as to Plaintiff's First, Second, and Fourth causes of action; **GRANTED** as to Plaintiff's Third, Fifth, and Sixth causes of action; and **GRANTED** as to Defendants Glynn, Walker, and Seely.

**IT IS ORDERED** that no later than April 26, 2016, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than May 17, 2016. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156 (9th Cir. 1991).

DATE: March 29, 2016

Peter C. Lewis
U.S. Magistrate Judge
United States District Court

cc: The Honorable Roger Benitez
    All Parties and Counsel of Record