UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

DAVID ROBERT BELL,

                    Plaintiff,

v.

CALIFORNIA DEPARTMENT OF
CORRECTIONS & REHABILITATION,
et al.,

                    Defendants.

Case No.:  3:14-cv-01397-BEN (PCL)

**ORDER:**

**(1) ADOPTING REPORT AND RECOMMENDATION; AND**

**(2) GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

**[Docket Nos. 80, 95]**

## I.    INTRODUCTION

Plaintiff David Robert Bell initiated this action under 42 U.S.C. § 1983, alleging violations of his civil rights related to his medical care while incarcerated.  Following an earlier Motion for Summary Judgment, only Plaintiff's first, second, and fourth claims remain.  (Docket Nos. 83, 87.)  On February 22, 2016, Defendants filed a Motion for Summary Judgment claiming qualified immunity on the remaining claims.  (Docket No. 80.)  Plaintiff filed an Opposition, and Defendant filed a Reply.  (Docket Nos. 82, 84.)

On July 27, 2016, the Magistrate Judge issued a thorough and thoughtful Report and Recommendation, recommending that this Court grant Defendants' Motion. (Docket No. 95.)  The Report and Recommendation concluded that Defendants were entitled to qualified immunity on Plaintiff's remaining claims.  Plaintiff subsequently filed Objections to the Report and Recommendation (Docket No. 97), to which Defendants replied (Docket No. 98).

Where a timely objection to a report and recommendation has been filed, the district court reviews *de novo* those portions of the report or specific proposed findings or recommendations to which an objection was filed.  28 U.S.C. § 636(b)(1).  This Court has carefully reviewed the Report and Recommendation, Plaintiff's Objections, Defendants' Reply, and the remainder of the record in this matter and **ADOPTS** the Report and Recommendation in full.

## II.    STANDARD OF REVIEW

Summary judgment is appropriate when, viewing the evidence in the light most favorable to the non-moving party, "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The moving party must identify the pleadings, depositions, affidavits, or other evidence that it "believes demonstrates the absence of a genuine issue of material fact."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  A "material" fact is one that is relevant to an element of a claim or defense and whose existence might affect the outcome of the suit.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute about a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the non-moving party."  *Id.*  If the movant initially shows that no genuine issue exists for trial, the non-movant cannot then rest on the pleadings but must respond with evidence setting forth specific facts showing that there is a genuine issue for trial.  *Darulis v. Clark*, No. 08-cv-2344 DMS (RBB), 2010 WL 962938, at *1 (S.D. Cal. Mar. 16, 2010).

/ / /

/ / /

### III.   QUALIFIED IMMUNITY

The doctrine of qualified immunity protects government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (internal citation omitted).  A qualified immunity analysis begins with the threshold question:  Based on the facts taken in the light most favorable to the party asserting the injury, did the defendant's conduct violate a constitutional right? *Saucier v. Katz*, 533 U.S. 194, 201 (2001).  If no constitutional violation has occurred, the court need not inquire further.  *Id*.  However, if the plaintiff has satisfied the first step, the court must decide whether the right at issue was "clearly established" at the time of defendant's alleged misconduct.  *Id.*[1]

The relevant inquiry in this case is whether Plaintiff has shown facts that make out a violation of his Eighth Amendment right to be free from cruel and unusual punishment.  To maintain an Eighth Amendment claim based on prison medical treatment under 42 U.S.C. § 1983, an inmate must show "deliberate indifference to serious medical needs." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006).  In the Ninth Circuit, the test for deliberate indifference has two parts:

> First, the plaintiff must show a "serious medical need" by demonstrating that "failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'"  Second, the plaintiff must show the defendant's response to the need was deliberately indifferent.  This second prong—defendant's response to the need was deliberately indifferent—is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference.  Indifference "may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way

---

[1] *Pearson v. Callahan*, 555 U.S. 223 (2009), removed the mandate of *Saucier* and judges are now "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand."  555 U.S. at 236.  Because the Report and Recommendation chose to follow the traditional *Saucier* analysis, this Court does as well.

1    in which prison physicians provide medical care."  Yet, an "inadvertent [or
2    negligent] failure to provide adequate medical care" alone does not state a
     claim under § 1983.

3

4    *Id.* (internal citations omitted).

                              **IV.   DISCUSSION**
5

6            Plaintiff generally asserts that the facts supporting the Report and

7    Recommendation demonstrate that Defendants are not entitled to summary judgment.  In

8    support of this assertion, Plaintiff contends that he complained of debilitating back pain

9    for eight months beginning in January 2012 before corrective action was taken in August

10   2012.  (Obj. at 2, 5-6, 8, & 11.)  He argues that this eight-month delay caused substantial

11   harm rising to the level of an Eighth Amendment violation.  (Obj. at 6, 13.)  Plaintiff

12   contends that "[t]here is a question of material fact of whether Defendants' denial of

13   proper treatment shows knowing disregard of Plaintiff's serious medical condition."

14   (Obj. at 14.)

15           The evidence belies Plaintiff's assertion that his medical condition was ignored for

16   eight months.  Rather, the medical records demonstrate that Plaintiff began reporting his

17   pain in May 2012, which culminated in surgery to treat his paraspinal abscess on August

18   4, 2012.  Therefore, his complaints and treatment lasted approximately three months, not

19   eight.  Plaintiff's assertion that he began complaining of back pain in January 2012 is not

20   supported by the medical records.[2]

21           As explained more fully in the Report and Recommendation, Plaintiff's treatment

22   during this three-month period does not demonstrate deliberate indifference to his

23   medical condition.  Plaintiff visited the medical staff several times and received treatment

24

25   _____

26   [2] The Court notes that the medical records indicate that Plaintiff has suffered from back
27   pain over the years, but there are no medical records from January to April 2012, the
     period in which Plaintiff asserts Defendants acted with deliberate indifference to his
28   medical needs.  The relevant medical records begin in May 2012.

in response to those visits.  The medical records demonstrate that the "course of treatment . . . was both attentive to Plaintiff's pain and reasonable under the circumstances." (Report and Recommendation at 11.)

That it took three months from when Plaintiff first reported his pain until the corrective surgery does not rise to the level of deliberate indifference.  Rather, the delay, if any, was due to misdiagnosis.  But Defendants did not fail to treat Plaintiff according to their diagnosis, and there is no evidence that Defendants knew of and disregarded Plaintiff's actual ailment.  *See Garcia v. Katukota*, 362 Fed. App'x 622, 622-23 (9th Cir. 2010) ("[E]vidence of medical misdiagnosis and of a difference of medical opinion are insufficient to show deliberate indifference." (citing cases)).  As noted in the Report and Recommendation, the missed diagnosis appears partly due to Plaintiff's inconsistent communications about his pain.  At times, he stated that the pain arose from a fall, but at other times he denied trauma or injury.  Sometimes, when examined, Plaintiff did not grimace and was able to ambulate despite reporting extreme pain.  The records also note that he was uncooperative, hostile, and threatening at times.  Further, Plaintiff's medical history as a drug seeker and drug abuser could have permitted medical staff to attribute Plaintiff's behavior to an addict seeking narcotics.

As to Plaintiff's possible drug-seeking behavior, Plaintiff objects that "Defendants' defense that Plaintiff was 'drug-seeking' is no defense at all."  (Obj. at 5.)  Plaintiff argues that there is no evidence that his complaints were motivated by an improper desire for drugs and, therefore, Defendants could not reasonably believe Plaintiff was drug-seeking and delay proper treatment of him.  (Obj. at 4-5, 11-12.)

The Court again disagrees with Plaintiff.  The Report and Recommendation did not premise its conclusion on Defendants' "drug-seeking defense."  Rather, the Report and Recommendation considered the entire medical record and found that Plaintiff failed to show that Defendants acted with deliberate indifference.  As explained above, those records indicate that medical staff provided Plaintiff with timely treatment throughout the

period in which he complained of pain.  At times, Defendants' course of treatment appeared to be working because Plaintiff reported reduced pain.

Furthermore, contrary to Plaintiff's assertion, there is evidence that Plaintiff sought drugs.  On May 18, 2012, FNP Velardi noted that Plaintiff had "pinpoint" pupils and ordered a drug screen.  (Mot. Ex. 8.)  The drug screen results showed that Plaintiff tested positive for morphine although he did not have a morphine prescription.  (Mot. Ex. 9.)  On June 7, 2012, despite being able to move from sitting to standing without assistance and having a steady gait, Plaintiff told the medical staff, "I need something stronger to make this better.  The medicines I'm on are not working!"  (Mot. Ex. 13.)  At that appointment, Plaintiff was uncooperative and threatened the nurse, asking "What's your name because I'm documenting all of this!"  (*Id.*)  On June 28, 2012, Plaintiff admitted to Dr. Sedighi that he purchased morphine on the prison yard.  (Mot. Ex. 19.)  In spite of these indications that Plaintiff may have been exaggerating his pain to obtain narcotics, medical staff evaluated and treated Plaintiff in a timely manner consistent with his diagnosis.

In sum, viewing the evidence in the light most favorable to Plaintiff, there are no genuine issues of material fact regarding whether Defendants violated Plaintiff's rights under the Eighth Amendment.  Plaintiff cannot make out a constitutional violation at the first step of the analysis, and therefore Defendants are entitled to qualified immunity.

## V.   CONCLUSION

For the reasons discussed above, the Report and Recommendation is **ADOPTED** in its entirety.  (Docket No. 95.)  Defendants' Motion for Summary Judgment is **GRANTED.**  (Docket No. 80.)  Defendants are entitled to qualified immunity on the remaining claims in this case.

/ / /

/ / /

/ / /

/ / /

The Clerk shall enter judgment in favor of Defendants and against Plaintiff on all remaining claims and close the case.[3]

**IT IS SO ORDERED.**

Dated:  September 6, 2016

_____
Hon. Roger T. Benitez
United States District Judge

_____

[3] Pursuant to Federal Rule of Civil Procedure 54, the Court finds there is no just reason to delay the entry of judgment on the claims between Plaintiff and Defendants.

3:14-cv-01397-BEN (PCL)